UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZACHARY STEVEN MURPHY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-137-HAB-SLC |
| CASSANDRA LOCK, et al., | |
| Defendants. | |

OPINION AND ORDER

Zachary Steven Murphy, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against his probation officer, a field officer for the probation office, the prosecutor who brought probation revocation proceedings against him, and the judge who presided over his probation revocation hearing. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Murphy contests his probation revocation on two main grounds. First, he argues that his probation officer was more intent on finding a reason to revoke his probation than she was in helping him succeed. Second, he contends the company that processed

his urine sample is unreliable, and he contests the accuracy of the finding that his urine was positive for alcohol and drugs.

To the extent Murphy is trying to challenge the revocation of his probation and obtain release from custody he cannot do so in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .."). To the extent he is seeking money damages, he is subject to the limitation in *Heck* that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87; *see also Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (applying Heck to parole revocation); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (observing that *Heck* applies to a civil rights suit premised on the "invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Murphy does not allege, nor can it be plausibly inferred, that the sanction regarding his probation violation has been vacated on appeal, set aside, or otherwise called into question. Unless and until that occurs, Murphy cannot pursue a claim that would undermine the validity of the probation revocation.[1]

---

[1] In addition to the *Heck* problem, Murphy sues defendants who are entitled to immunity. The judge and the prosecutor are absolutely immune from being used under § 1983 for their actions in conducting the probation revocation hearing. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction.");

2

Fourth Amendment claims, however, are generally not subject to the *Heck* bar because "Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Here, Murphy complains about the actions of Brandon Rittenhouse, a field officer with the probation office. He characterizes Rittenhouse's actions on October 13, 2021, as "stalking." ECF 1 at 4. Rittenhouse's report, attached to the complaint, details that probation staff notified him they suspected Murphy was driving without a license. ECF 1-1 at 3. Rittenhouse reports that he followed Murphy, who was a passenger in a pickup truck, until he saw Murphy and the passenger switch places and Murphy began driving. At that point, Rittenhouse contacted the police department for assistance in stopping the truck, but he made contact himself when Murphy turned into an alley and pulled over before the police had arrived. Rittenhouse reports that Murphy admitted he knew he didn't have a valid license, and in fact had been issued a traffic citation in Fort Wayne recently for driving without a valid license. In his complaint, Murphy admits that he received that traffic citation in Fort Wayne, but he contends that he paid the reinstatement fee and assumed that he could resume driving.[2] ECF 1-1 at 1.

---

*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). However, the extent of any immunity available to the probation officer and field officer in relation to the hearing cannot be determined from the complaint. *See Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005) (discussing contours of probation officer's immunity).

[2] Public records show that Murphy was issued a traffic citation on October 1, 2021, for driving without a valid driver's license and not having a valid registration displayed. *Indiana v. Murphy*, No. 02D05-2110-IF-011179 (Allen Super. Ct. filed October 4, 2021) (docket sheet available at mycase.in.in.gov). After he did not appear at the hearing, the state court suspended his driving privileges. *Id.* (Order of Dec. 30, 2021).

Murphy's allegations concerning Rittenhouse do not state a claim for relief. It does not violate the constitution for Rittenhouse to follow Murphy in a public place. "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). Moreover, it is not clear whether a Fourth Amendment "seizure" ever occurred. "A seizure does not occur simply because a police officer approaches an individual and asks a few questions. A person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Ahmad*, 21 F. 4th 475, 478-79 (7th Cir. 2021) (quotation marks, citation, and alterations removed). Here, Murphy was already stopped when Rittenhouse approached him. Assuming that initial interaction ripened into a seizure, Rittenhouse had probable cause to believe Murphy was driving without a valid license.[3] "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442

---

[3] Depending on the terms of Murphy's probation, probable cause might not even have been necessary. If he agreed to warrantless and suspicionless searches as a term of probation, then Rittenhouse could stop him even without probable cause. *See United States v. Knights*, 534 U.S. 112, 122 (2001) ("[T]he warrantless search of [probationer], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment."); *State v. Vanderkolk*, 32 N.E.3d 775, 780 (Ind. 2015) ("A probationer or community corrections participant may, pursuant to a valid search condition or advance consent, authorize a warrantless premises search without reasonable suspicion.").

4

F.3d 544, 547 (7th Cir. 2006). Here, Murphy was recently issued a traffic citation for driving without a valid license. Even if Murphy believed it had been cleared up, Rittenhouse was allowed to rely on that recent citation and inquire into whether Murphy was driving lawfully.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this Fourth Amendment claim against Brandon Rittenhouse is DISMISSED WITH PREJUDICE and the remaining claims are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A.

SO ORDERED on May 2, 2022.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT